IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CAREY, et al., | No. CIV S-10-3476-FCD-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| _____/ | |

Plaintiffs, proceeding in pro per, bring this civil action against employees of the United States of America related to real property interests. Pending before the court is the defendant's unopposed motion to dismiss (Doc. 10) and plaintiffs' motion to vacate the order substituting the United States for the individual defendants (Doc. 11). The hearing on the motions was taken off calendar pursuant to Local Rule 230(g).

**I.    Background**

Originally filed in the Superior Court of Shasta County, the defendant removed the action to this court on December 29, 2010, and filed a notice of substitution on January 5, 2011, substituting the United States as the defendant in place of the two individual employees. In the complaint, titled Verified Complaint for Forcible Detainer, plaintiffs allege:

1

> On or about July 7, 2010, defendants Jason Garcia and Douglas McDonald forcibly turned plaintiffs out of the property by threats of violence, including a show of force with guns, and changed the locks. They had no writ of possession or other order from any California state court that authorized their actions of taking possession of the property. The defendants acts were committed willfully and with a conscious disregard of the rights or safety of others.

(Complaint, filed with Notice of Removal, Doc. 1 at 8).[1]

The notice of substitution of parties (Doc. 4), filed January 5, 2011, contained a certification of scope of employment for each of the two individuals named in the complaint. The certification was signed by an Assistant United States Attorney, acting as an authorized delegate of the Attorney General.

**II.     Motion to Vacate Substitution**

Plaintiffs object to the court's order substituting the United States as the defendant in this action in place of the two individual defendants. As stated in the order so substituting, 28 U.S.C. § 2679 requires the court to substitute the United States as the defendant once the Attorney General has certified that the individual "employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . ." 28 U.S.C. § 2679(d)(1). Plaintiffs argue the United States failed to provide a sufficient basis for the substitution, because no facts or laws were cited.

Certification by the Attorney General that an individual defendant was acting within the course and scope of their employment is conclusive for the purposes of removal, but is subject to juridical review thereafter. See Billings v. United States, 57 F.3d 797 (9th Cir. 1995). "Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged. The party seeking review bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence." Id. at 800 (citing Green v.

---

[1] Other than identifying the property, stating their prior possession of the property, and the request for relief, this is the sum total of the two page complaint.

Hall, 8 F.3d 695, 698 (9th Cir. 1993)).

Thus, in order to rebut the presumption, the plaintiffs are required to present evidence that the individuals were not in fact acting within the scope of their employment. Here, plaintiffs have provided no such evidence, nor have they offered any facts to support their argument that the individuals were not so acting. Rather, they seem to believe that the burden lies with the defendant to prove the individual defendants were in fact acting within the scope of their employment. Such is not the case. As stated above, upon certification that the defendants were acting within the scope of their employment, the court is required to substitute the United States as the defendant. While that determination is subject to de novo review upon the submission of evidence rebutting that certification, no such evidence is before the court.[2] Accordingly, the undersigned finds the substitution of the United States as the defendant in this action was proper, and recommends the motion to vacate that order be denied.

### III.     Motion to Dismiss

Defendants bring this motion to dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). No opposition to the motion has been filed.

### A.     Legal Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen,

---

[2] In fact, as discussed below, after taking judicial notice of the proceedings in case number 05cv2176, it is clear that no evidence can be presented indicating the individuals were not acting within the course and scope of their employment given that they were carrying out this court's orders.

1  395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual
2  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50
3  (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by
4  lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).
5          To determine whether a complaint states a claim upon which relief can be granted,
6  the court generally may not consider materials outside the complaint and pleadings.  See Cooper
7  v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir.
8  1994).  The court may, however, consider: (1) documents whose contents are alleged in or
9  attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454;
10 (2) documents whose authenticity is not in question, and upon which the complaint necessarily
11 relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668,
12 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice,
13 see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).
14         Finally, leave to amend must be granted "[u]nless it is absolutely clear that no
15 amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per
16 curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).
17         **B.    Discussion**
18         Here, plaintiffs allege that the two individuals named in their complaint, Jason
19 Garcia and Douglas McDonald, forcibly turned them out of their property.  Defendant
20 acknowledges these two individuals were present at the eviction, but argues that they were acting
21 pursuant to a valid court order arising from a related action.
22         Defendant requests this court take judicial notice of the proceedings in another
23 action which relates to this case, United States v. Carey, 05-cv-2176-MCE-CMK, filed in this
24 court.  The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of
25 public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this
26 court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of

1  America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378

2  F.2d 906, 909 (9th Cir. 1967).  The request for judicial notice should therefore be granted.

3  As defendant argues, in the prior case of United States v. Carey, which involves

4  the plaintiffs' parents in a foreclosure action based on federal income tax liabilities, the court has

5  issued orders authorizing the ejectment of any person occupying certain properties, including the

6  one at issue in this case (the Bella Vista Property).  See United States v. Carey, 05-cv-1576-

7  MCE-CMK, Order dated May 26, 2010 (Doc. 160).  In that matter, the court ordered any person

8  occupying the properties to vacate no later than noon on June 18, 2010, and authorized the

9  United States Marshal to enforce the order at any time thereafter "by (1) entering any of the

10 Properties, and any and all structures and vehicles located upon such Property, (2) evicting any

11 unauthorized persons from all locations on the Property, including, but not limited to, the

12 structures, vehicles, and grounds, and (3) using force as necessary to do so."  Id. at 3.

13 Defendant argues, *inter alia*, that this action should be dismissed because (1) they

14 are entitled to quasi-judicial immunity, and (2) the action is barred by sovereign immunity.

15 **1.    Sovereign Immunity**

16 Defendant argues it is entitled to sovereign immunity under the Federal Torts

17 Claim Act (FTCA), and this court therefore lacks subject matter jurisdiction.

18 The United States, as a sovereign, may not be sued without its consent.

19 See Unites States v. Dalm, 494 U.S. 596 608 (1990).  Where the government has not consented

20 to suit, the district court lacks subject matter jurisdiction and the action must be dismissed.  See

21 Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).  The doctrine of sovereign

22 immunity extends to agents and officers of the United States who are sued in their official

23 capacities.  See Spalding v. Vilas, 161 U.S. 483, 498-99 (1896); see also Hutchinson, 677 F.2d at

24 1322.

25 In this case, plaintiffs do not specifically identify the individual defendants as

26 agents or officers of the United States.  However, based upon the certification the United States

has filed, and the unopposed statements in the motion to dismiss, the individual defendants were officers of the United States. Jason Garcia is a Deputy United States Marshal and Douglas McDonald is an officer of the Internal Revenue Service. Both of these individuals were acting in their official capacities and pursuant to this court's order in executing the order of eviction. Because the government has not consented to be sued, this court lacks subject matter jurisdiction and the action must be dismissed with prejudice.

### 2. Quasi-Judicial Immunity

In Fayle v. Stapley, the Ninth Circuit concluded that certain government officers were immune from civil rights liability for actions authorized by a court order. See 607 F.2d 858, 862 & n.4 (9th Cir. 1979). In two other cases, the Ninth Circuit stated in dicta that those who execute court orders are shielded from liability in civil rights actions by the doctrine of quasi-judicial immunity. See Gregory v. Thompson, 500 F.2d 59, 65 n.6 (9th Cir. 1974); Gillibeau v. City of Richmond, 417 F.2d 426, 429 (9th Cir. 1969). In Coverdell v. Department of Social Services, the Ninth Circuit joined several other circuits in holding that "persons who faithfully execute valid court orders are absolutely immune from liability. . . ." 834 F.2d 758, 764-65 (9th Cir. 1987). In that case, the court concluded that a social service worker executing an order to place Coverdell's child in protective custody enjoyed absolute quasi-judicial immunity. See id. at 765. In so holding, the court stated:

> Coverdell had an opportunity to challenge the court's order that Christina be apprehended and placed in temporary shelter care. That order became final long ago and it is not at issue on this appeal. Coverdell has neither alleged nor shown that in executing the order, McLaughlin exceeded its scope or acted improperly in any other way. Coverdell's complaint, at bottom, is that McLaughlin apprehended Christina without notice shortly after the child's birth, while mother and child were still recuperating at the hospital. McLaughlin's act, however, was plainly authorized by the court's order, which expressly directed the immediate apprehension of the child from the hospital. . . .

Id.

The court agrees with defendants that, accepting the allegations in the complaint as true, they are entitled to absolute immunity because they were performing the ministerial act of

enforcing the court's foreclosure order.  Notwithstanding the statements in the complaint that the individual officers had no valid order from any California state court that authorized their actions, the officers were acting pursuant to this court's order.  Plaintiffs do not allege this court's underlying order is invalid.  Thus, both individual defendants are immune from suit, and this action must be dismissed with prejudice.

### III.  CONCLUSION

This court lacks jurisdiction over both the subject of this action and the individual defendants.  As discussed above, both defendants are immune from suit under the doctrine of quasi-judicial immunity, and this action is barred under the doctrine of sovereign immunity.  Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss an action if it determines at any time that it lacks jurisdiction to hear the case.

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to dismiss (Doc. 10) be granted;
2. Plaintiff's motion to vacate the substitution order (Doc. 11) be denied; and
3. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2011

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE